```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                                  Case No. 8:09-cr-81-VMC-TGW

SILVIO OREJUELA CERON

_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Silvio Orejuela Ceron's pro se Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582 (Doc. # 193), filed on May 18, 2021. The government responded in opposition on July 8, 2021. (Doc. # 195). For the reasons that follow, the Motion is denied.

I.   **Background**

On May 12, 2009, the government filed a four-count superseding indictment charging Orejuela Ceron and several others with various drug-related offenses. (Doc. # 42). Orejuela Ceron entered a guilty plea to all four counts on July 28, 2009, before Magistrate Judge Thomas G. Wilson. (Doc. ## 95, 97). There was no plea agreement.

The Court accepted Orejuela Ceron's guilty plea on July 29, 2009, (Doc. # 99), and sentenced him to 168 months' imprisonment on October 19, 2009. (Doc. # 124). According to

Bureau of Prisons (BOP) records, Orejuela Ceron is sixty-five years old, and his projected release date is January 3, 2023. (Doc. # 195 at 1-2).

Orejuela Ceron now seeks compassionate release from prison due to the COVID-19 pandemic, arguing that he is an "elderly inmate" who "faces many life-threatening conditions," including high blood pressure, diabetes, and hypertension. (Doc. # 193 at 2). Orejuela Ceron contends that "his many underlying conditions," "along with his age," put him in a "high risk" category should he contract COVID-19. (Id.). In the alternative, Orejuela Ceron requests the Court place him in the Elderly Home Detention Pilot Program. (Id. at 11).

The government has responded in opposition (Doc. # 195) and the Motion is ripe for review.

II. **Discussion**

Orejuela Ceron seeks compassionate release, or, in the alternative, participation in the Elderly Home Detention Pilot Program. (Doc. # 193). The Court will address each request in turn.

### A. Request for Compassionate Release

In his Motion, Orejuela Ceron explains that he is "an elderly inmate (65 years old) who faces many life-threatening conditions," including high blood pressure, diabetes, and hypertension. (Doc. # 193 at 2). According to Orejuela Ceron, his age and underlying conditions place him at a "high risk" should he contract COVID-19, therefore his situation is "extraordinary and compelling" enough to warrant release. (Id. at 2, 4-5).

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); see also United States v. Diaz-Clark, 292 F.3d 1310, 1317-18 (11th Cir. 2002) (collecting cases and explaining that district courts lack the inherent authority to modify a sentence). Orejuela Ceron requests a reduction in sentence under Section 3582(c)(1)(A)(i), which permits a court to reduce a sentence where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

However, Section 3582(c) only empowers the Court to grant a reduction in sentence "after the defendant has fully

exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Estrada Elias, No. CR 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (explaining that the First Step Act of 2018 "does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief").

Here, Orejuela Ceron attaches an administrative remedy request he submitted to his warden on April 2, 2021, in which he sought "COVID-19 compassionate release/reduction in sentence." (Doc. # 193 at 14-16). Orejuela Ceron's facility administrator denied this request on May 6, 2021. (Id. at 13). But, as the government points out, there is no record that Orejuela Ceron ever appealed this decision. (Doc. # 195 at 8). Section 3582(c) only empowers the Court to grant a reduction in sentence "after the defendant has **fully** exhausted all administrative rights." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). Orejuela Ceron fails to show that he has satisfied this requirement by appealing his

4

request through the requisite BOP process. Accordingly, this Motion is due to be denied for failure to exhaust all administrative remedies. See United States v. Reeves, No. CR 18-00294, 2020 WL 1816496, at *2 (W.D. La. Apr. 9, 2020) ("[Section 3582](c)(1)(A) does not provide this Court with the equitable authority to excuse Reeves' failure to exhaust his administrative remedies"); United States v. Chappell, No. 8:10-cr-134-VMC-AEP, 2021 WL 322369, at *2 (M.D. Fla. Feb. 1, 2021) (noting that although the United States may argue otherwise, "this Court holds that, if the warden denies a request during the first 30 days, the inmate cannot proceed to court until administrative remedies are fully exhausted" and listing cases).

Even if Orejuela Ceron had exhausted all administrative remedies, the Court agrees with the government that the Motion fails on the merits. The Sentencing Commission has set forth the following qualifying "extraordinary and compelling reasons" for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor

5

children. USSG § 1B1.13, comment. (n.1); see also United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021) ("In short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence."). Orejuela Ceron bears the burden of establishing that compassionate release is warranted in his situation. United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).

 Orejuela Ceron argues that his age and various medical conditions (namely diabetes, hypertension, and high blood pressure), leave him more vulnerable to the COVID-19 pandemic. However, as this Court has consistently held, the mere presence of COVID-19 at Orejuela Ceron's facility is not an extraordinary and compelling reason warranting release. See, e.g., Chappell, 2021 WL 322369, at *3 (holding that the mere risk of infection and reinfection of COVID-19 is not enough to justify compassionate release). The Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a

6

particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Nor is there evidence that Orejuela Ceron's medical conditions "substantially diminish [his] ability . . . to provide self-care within the environment of a correctional facility" or are otherwise serious enough to warrant release. USSG § 1B1.13 comment (n.1); see also United States v. Frost, No. 3:18-cr-30132-RAL, 2020 WL 3869294, at *4-5 (D.S.D. July 9, 2020) (denying motion for compassionate release for a COVID-19-positive prisoner who had other medical conditions, including diabetes, severe coronary artery disease, and chronic obstructive pulmonary disease, because his COVID-19 symptoms were not severe and there was no indication he could not provide self-care while in prison). On the contrary, the medical records provided by the government show that Orejuela Ceron is currently on an extensive chronic illness management treatment plan, which includes several kinds of medication and regular insulin shots. (Doc. # 198 at 10-11).  The Court

therefore finds that Orejuela Ceron's medical conditions do not create an extraordinary and compelling reason for compassionate release. See Cannon v. United States, No. CR 11-048-CG-M, 2019 WL 5580233, at *3 (S.D. Ala. Oct. 29, 2019) (denying compassionate release where a prisoner's medical records indicated his "many conditions [were] being controlled with medication"); United States v. Willis, No. 8:09-cr-568-VMC-AEP, 2021 WL 1688975, at *2 (M.D. Fla. Apr. 29, 2021) (denying compassionate release for a prisoner with diabetes, high blood pressure, and an unspecified heart problem where medical records confirmed such conditions were being treated with medication).

Additionally, even if Orejuela Ceron did demonstrate extraordinary and compelling reasons justifying compassionate release, the Court agrees with the government that the Section 3553(a) factors weigh against early release. (Doc. # 195 at 11).

First, as noted by the government, this is Orejuela Ceron's second conviction for serious narcotics crimes. (Id.). Prior to this action, Orejuela Ceron was sentenced to federal prison for attempting to smuggle cocaine. (Id.).

8

Orejuela Ceron was subsequently removed to Colombia, where he resumed drug smuggling and was again caught at sea in March 2009, resulting in the instant case. (Id.). Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of the crime. The Court agrees with the government that despite Orejuela Ceron's age, the seriousness of his narcotics offense and his continued pattern of criminal conduct weigh against a grant of compassionate release. 18 U.S.C. § 3553(a)(1). Accordingly, Orejuela Ceron's request for compassionate release is denied.

B. **Request for Participation in the Elderly Offender Pilot Program**

In the alternative, Orejuela Ceron requests the Court place him in the "Elderly Home Detention Pilot Programme." (Doc. # 193 at 11). Orejuela Ceron explains that his "two third (66% of sentence) was expired on 12-29-2019." (Id. at 10).

Under the Elderly Offender Pilot Program, "An inmate is considered eligible for the elderly offender/home confinement program if he/she has served 2/3 of 'the term of imprisonment to which the offender was sentenced.'" *First Step Act –*

9

*Frequently Asked Questions*, Bureau of Prisons, https://www.bop.gov/inmates/fsa/faq.jsp#fsa_elderly_offender (last accessed June 16, 2021). "Eligible elderly offender means an offender in the custody of the [BOP] who is not less than 60 years of age." *Home Confinement Under the First Step Act,* Bureau of Prisons https://www.bop.gov/policy/om/001-2019.pdf (Apr. 4, 2019).

Even if Orejuela Ceron meets the necessary criteria, as a pilot program, Orejuela Ceron has no statutory right to participate in this program. On the contrary, it appears to be up to the BOP to determine which elderly prisoners are eligible for home confinement two-thirds of the way into their sentence. Id. The Court has no power to direct the BOP to place someone in home confinement; such decisions are committed solely to the BOP's discretion. See United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (per curiam) (explaining that district courts lack jurisdiction to grant early release to home confinement pursuant to the Second Chance Act, 34 U.S.C. § 60541(g)(1)(A)). Once a court imposes a sentence, the BOP is solely responsible for determining an inmate's place of incarceration to serve that sentence. See

10

<u>Tapia v. United States</u>, 564 U.S. 319, 331 (2011) ("A sentencing court can recommend that the BOP place an offender in a particular facility or program . . . [b]ut decision making authority rests with the BOP."); 18 U.S.C. § 3621(b) ("The [BOP] shall designate the place of the prisoner's imprisonment[.]"). Therefore, Orejuela Ceron's request to participate in the Elderly Offender Pilot Program falls outside Section 3582(c)'s grant of authority, and the Motion is denied as to this request.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant Silvio Orejuela Ceron's pro se Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582 (Doc. # 193) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>30th</u> day of July, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

11